James W. Davidson (IL SBN 6281542)
Admitted Pro Hac Vice
O'HAGAN MEYER LLC
One E. Wacker Drive, Suite 3400
Chicago, Illinois 60601
Telephone: (312) 422-6100
Facsimile: (312) 422-6110
jdavidson@ohaganmeyer.com

Clint D. Robison (SBN 158834)
O'HAGAN MEYER PLLC
21550 Oxnard Street, Suite 1050
Woodland Hills, CA, 91367
Telephone: (213) 306-1610
Facsimile: (213) 306-1615
crobsion@ohaganmeyer.com

Attorneys for Defendant,
TrueCare Property Holdings, LLC

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMY WRIGHT, individually and on behalf of others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>TRUECARE PROPERTY HOLDINGS, LLC,<br><br>Defendant. | Case No. 3:25-cv-00786-JES (BLMx)<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) AND MOTION TO STRIKE PURSUANT TO RULE 12(f)**<br><br>Judge: James E. Simmons<br><br>Complaint filed: April 1, 2025<br><br>Trial Date: Not Set |

//

//

# TABLE OF CONTENTS

TABLE OF POINTS AND AUTHORITIES ....................................................3

I. INTRODUCTION ........................................................................ 6-8

II. ARGUMENT ........................................................................... 8-18

1. Plaintiff has not identified, as she must, any medical information, or the contents of any communications, that were allegedly disclosed to a third party.......................................................................... 8-14

2. Plaintiff's CIPA claim is time-barred, and she has failed to allege facts establishing that the statute of limitations was tolled pursuant to the discovery rule ............................................................ 14-17

3. Plaintiff has not alleged Defendant engaged in highly offensive conduct sufficient to support her Invasion of Privacy claim .. 17-18

III. CONCLUSION ........................................................................18

## TABLE OF AUTHORITIES

**Cases** **Pages**

*Beltran v. Drs. Med. Ctr. of Modesto*,
(E.D. Cal., June 9, 2025, No. 2:23-cv-01670-DC-CKD) 2025 U.S. Dist. LEXIS 109145 ....7, 9, 12-13

*Cheng v. BMW of N. Am., LLC*,
(C.D. Cal., July 26, 2013, No. CV 12-09262 GAF (SHx)) 2013 U.S. Dist. LEXIS 107580 ....6

*Cousin v. Sharp Healthcare*,
(S.D. Cal., Nov. 17, 2023, No. 22-cv-2040-MMA-DDL) 702 F.Supp. 3d 967 .... 11-12

*Doe v. Fullstory, Inc.*,
*(N.D. Cal. 2024) 712 F.Supp.3d 1244* ....16

*Doe v. Tenet Healthcare Corp.*,
(E.D. Cal., June 9, 2025, No. 1:23-cv-01106-DC-CKD) 2025 U.S. Dist. LEXIS 109134 .... 15-16

*Facebook, Inc. Internet Tracking Litig.*,
(9th Cir. 2020) 956 F.3d 589....9

*Gabrielli v. Haleon US Inc.*,
(N.D. Cal., Aug. 29, 2025, No. 25-cv-02555-WHO) 2025 U.S. Dist. LEXIS 169503....16

*Gibson v. Planned Parenthood Fed'n of Am., Inc.*,
(N.D. Cal., July 2, 2024, No. 3:23-cv-04529-JD) 2024 U.S. Dist. LEXIS 170793....9

*Harrill v. Emanuel Med. Ctr.*,
(E.D. Cal. June 9, 2025, No. 2:23-CV-01672-DC-CKD) 2025 U.S. Dist. LEXIS 109125, at *10 n.3 .... 12-13

*In re Accellion, Inc. Data Breach Litig.*,
No. 5:21-cv-01155-EJD, 2025 LX 458512 ....17

*In re Meta Healthcare Pixel Litig.*, (N.D. Cal. 2024) 713 F.Supp.3d 650 .......... 11

*In re Google, Inc. Privacy Policy Litig.*, (N.D. Cal. 2014) 58 F. Supp. 3d 968 .......... 17

*In re Sony Grand WEGA KDF-E A10/A20 Series Rear Projection HDTV TV Litig.*, (S.D. Cal. 2010) 758 F. Supp. 2d 1077 .......... 14

*Javier v. Assurance IQ LLC,* (N.D. Cal. 2023) 649 F.Supp.3d 891 .......... 15

*Khamooshi v. Politico LLC.*, (N.D. Cal., Oct. 2, 2025, No. 24-cv-07836-SK) 2025 U.S. Dist. LEXIS 197891 .......... 9

*Popa v. Microsoft Corp.*, (9th Cir. Aug. 26, 2025) No. 24, 2025 LX 369063 .......... 10, 17

*Raiser v. San Diego Cty*. (S.D. Cal., Apr. 8, 2021, No. 19cv751-GPC(KSC)) 2021 U.S. Dist. LEXIS 68597 .......... 13

*R.C. v. Walgreen Co.*, (C.D. Cal. 2024) 733 F.Supp.3d 876 .......... 7, 11

*Speyer v. Avis Rent a Car System, Inc.*, (S.D. Cal. 2005) 415 F.Supp.2d 1090 .......... 6, 14

**Statutes**

18 U.S.C. §§ 2510 .......... 7-8

18 U.S.C. § 2511(1)(c) .......... 9

**Rules**

Fed. R. Civ. P. 12(b)(6) .......... 6, 18

Fed. R. Civ. P. 12(f) .......... 6, 18

**Regulations**

Cal Civ Code § 56.10(a) .......................................................................9

Cal. Civ. Code § 56.10 (West 2024) ......................................................6-9, 18

Cal. Penal Code §§ 630 ........................................................... 7-9, 14-15, 17

**Constitutional Provisions**

Cal. Const. ...............................................................................................7

Defendant, True Care Property Holdings, LLC, by and through its attorney, O'Hagan Meyer PLLC, submits this Reply in Support of its Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and Motion to Strike CMIA Class Allegations pursuant to Federal Rule of Civil Procedure 12(f), and respectfully requests that this Honorable Court dismiss all counts of Plaintiff's Amended Complaint.

## I. INTRODUCTION

As detailed in Defendant's Memorandum in Support of its Motion to Dismiss, Plaintiff's Amended Complaint offers an insufficient factual basis to support the claims she has asserted. Plaintiff's Amended Complaint details the many ways in which the Meta Pixel employed on Defendant's website could have transmitted information to Meta/Facebook. The Amended Complaint also details the kind of information hypothetical class members could have input into Defendant's website. However, Defendant urges this Court to limit its inquiry to the facts specific to the named Plaintiff, Amy Wright, and her actual experiences. This limited view of Plaintiff's claims is prescribed in existing case law. *See Cheng v. BMW of N. Am., LLC* (C.D. Cal., July 26, 2013, No. CV 12-09262 GAF (SHx)) 2013 U.S. Dist. LEXIS 107580, at *10 ("in ruling on a motion to dismiss a class action complaint prior to class certification, courts generally consider only the claims of the named plaintiff."); *Speyer v. Avis Rent a Car System, Inc.* (S.D. Cal. 2005) 415 F.Supp.2d 1090, 1094 ("[C]ourts generally consider only claims of named plaintiffs in ruling on [a] motion to dismiss ... prior to class certification.")]).

Only five of the 145 paragraphs of the Complaint reference Plaintiff's Wright's experience. One of these paragraphs contains a screenshot of the information Defendant allegedly transmitted to Meta, which includes only the type of activity Plaintiff Wright engaged in, i.e., "SEARCH", or

//

"PAGE_VIEW," along with the date on which the activity occurred. Importantly, Plaintiff Wright has not alleged that the subject matter of the pages she viewed or the search terms she entered were shared with Meta. This failure is fatal to her CMIA claim – which requires a disclosure of "medical information," as well as her ECPA and CIPA claims – which require a plaintiff to establish the *contents* of their communications were intercepted by a third party. Moreover, given the innocuous nature of the information allegedly shared with Meta, Plaintiff's allegations do not suggest Defendant engaged in a "highly offensive" invasion of privacy amounting to a violation of the California Constitution.

Defendant acknowledges, the universe of case law analyzing the liability stemming from a defendant's use of tracking software on its website is limited. Moreover, each of the relevant opinions is based on unique facts involving different categories of information implicated, ways in which the information was used after the disclosure, and resultant impact on the plaintiffs filing suit. For example, both parties' briefs have referenced cases in which a plaintiff's specific medical conditions and treatments were allegedly disclosed to third parties, and cases involving the use of that information to deliver targeted advertising to the plaintiffs. *See, e.g., R.C. v. Walgreen Co.* (C.D. Cal. 2024) 733 F.Supp.3d 876, 897-98 (plaintiffs alleged, defendant disclosed plaintiffs' addition of diabetes testing supplies and yeast infection treatments to their online carts, then began receiving, "unsolicited targeted advertisements related to the medical conditions they disclosed"). In contrast, both parties have also cited case law in which courts have dismissed claims that were based on vague allegations that *unspecified* information was being disclosed to a third party. *See, e.g., Beltran v. Drs. Med. Ctr. of Modesto* (E.D. Cal., June 9, 2025, No. 2:23-cv-01670-DC-CKD) 2025 U.S. Dist. LEXIS 109145, at *13 (dismissing claims

//

stemming from defendant's use of tracking technologies, reasoning, "plaintiffs do not identify with specificity what information … was [] transmitted to Meta.").

Here, Plaintiff Wright's allegations fall squarely within the former category of cases, as she has identified no sensitive information disclosed to a third party and has not alleged her information was used in any manner. Accordingly, it is Defendant's position that Plaintiff's Amended Complaint falls woefully short of establishing her entitlement to relief on any of the grounds asserted.

In opposing Defendant's Motion, Plaintiff has largely argued that this Court should reject the positions taken by the courts cited in Defendant's Motion in favor of the opposing views asserted in non-binding case law issued by other courts, many of which were presented with far more specific factual allegations establishing those plaintiffs' claims. Because Plaintiff has cited no binding case law mandating that this Court find in her favor on any of the issues raised in Defendant's Motion, Defendant relies on the arguments asserted and authorities cited in its Motion to Dismiss and Memorandum in Support, and need not revisit each of the issues raised in Plaintiff's Response. Instead, Defendants have set forth brief counterarguments regarding, (1) Plaintiffs' failure to allege the disclosure of her medical information or the contents of her communications with Defendant, and (2) the time-barred nature of Plaintiff's CIPA claims.

## II. ARGUMENT

### 1. Plaintiff has not identified, as she must, any medical information, or the contents of any communications, that were allegedly disclosed to a third party.

Plaintiff's ECPA, CIPA, and CMIA claims each require her to identify either the contents of her communications with Defendant's website, or the disclosure of Plaintiff's medical information. Specifically, to plead an ECPA or

//

CIPA claim, Plaintiff must establish a disclosure of "the ***contents*** of any wire, oral, or electronic communication…" 18 U.S.C. § 2511(1)(c) (emphasis added); *Beltran, supra,* 2025 U.S. Dist. LEXIS 109145, at *30 (dismissing CIPA claim where, "[p]laintiff['s] complaint does not specify or describe the searches Plaintiff[] conducted on the Website."). To plead a CMIA claim, a plaintiff must establish, defendant "disclose[d] ***medical information***[1]…without first obtaining an authorization..." Cal Civ Code § 56.10(a) (emphasis added); *Gibson v. Planned Parenthood Fed'n of Am., Inc.* (N.D. Cal., July 2, 2024, No. 3:23-cv-04529-JD) 2024 U.S. Dist. LEXIS 170793, at *2-3 (dismissing CMIA claim because plaintiff, "alleges only generalizations about … scheduling appointments, researching the 'Women's Services' available at PPFA, and the like. Without more, this is not enough to plausibly allege that her medical information was disclosed without consent under the CMIA.") (internal record cite omitted). Finally, Plaintiff's invasion of privacy claim requires a plaintiff to establish that "(1) there exists a reasonable expectation of privacy, and (2) the intrusion was highly offensive." *Facebook, Inc. Internet Tracking Litig.* (9th Cir. 2020) 956 F.3d 589, 601. Such inquiry necessarily requires some showing of the nature of the information allegedly disclosed. *Khamooshi v. Politico LLC* (N.D. Cal., Oct. 2, 2025, No. 24-cv-07836-SK) 2025 U.S. Dist. LEXIS 197891, at *9 (dismissing invasion of privacy claim based on defendant's alleged use of tracking technologies on its website, reasoning, "[a]bsent specific allegations about the type of browsing and geolocation information disclosed, these categories of information are insufficient to support a concrete privacy injury.").

//

//

---

[1] Medical Information is information that is individually identifiable, and "relating to medical history, mental or physical condition, or treatment of the individual." *Eisenhower Med. Ctr. v. Superior Ct.*, 226 Cal. App. 4th 430, 437, 172 Cal. Rptr. 3d 165 (2014).

The importance of pleadings facts regarding the nature of the information allegedly disclosed to a third party is underscored by a recent Ninth Circuit opinion, published during the briefing of the instant motion. *See Popa v. Microsoft Corp.*, (9th Cir. Aug. 26, 2025) No. 24-14, 2025 LX 369063. In *Popa*, the Court determined, a plaintiff's allegations regarding "the monitoring of [their] interactions with PSP's website," alone, were insufficient to meet even the threshold standing requirement. *Id* at *15. Instead, a plaintiff must allege facts regarding the specific data disclosed, such that the Court may "account[] for the individual circumstances giving rise to the plaintiffs' alleged injuries rather than simply greenlighting a per se rule for privacy statutes." *Id.* at *24.

Here, Plaintiff Wright's claims are based on her alleged use of Defendant's website, "to search for information about personal health conditions." First Amended Complaint ("FAC") at ¶ 48. Per the complaint, certain data regarding Plaintiff's activity on Defendant's website was shared with Meta/Facebook. To illustrate this, Plaintiff has provided a screenshot of her "off-Facebook activity" which shows the information shared with Meta. FAC at ¶¶ 73-74. With respect to each activity Plaintiff performed on Defendant's website, the log reflects only, (1) the nature of the activity, i.e., whether Plaintiff conducted a search, or viewed a page, and (2) when the activity took place. For example, Plaintiff's activity on January 9, 2024, is logged as follows:




FAC at ¶¶ 73-74.

//

Evidently, none of the information transmitted to Meta discloses the contents of Plaintiff Wright's searches, or the nature of the pages she viewed on Defendant's website. Absent such a showing, Plaintiff has failed to allege the contents of her activity, her PHI, or otherwise sensitive information was disclosed.

Plaintiff, in her Response, seeks to circumvent this argument by pointing to several 2023 and 2024 cases in which courts denied dismissal of tracking claims against healthcare providers. However, in each of the cases Plaintiff has cited, the defendants at issue disclosed communications regarding the illnesses and treatments they sought. *See, e.g., In re Meta Healthcare Pixel Litig.* (N.D. Cal. 2024) 713 F.Supp.3d 650, 653 ("In the FAC, plaintiffs identify the specific types of information they provided to their healthcare providers … [including] health conditions for which they sought treatment or services, as well as examples of their queries, appointment requests, or other information and services about which they communicated with their providers."); *R.C. v. Walgreen Co.*, *supra*, 733 F.Supp.3d at page 887 ("[p]laintiff…used Defendant's website to purchase sensitive healthcare products, including a test kit for diabetes…"); *In re Meta Healthcare Pixel Litig.* (N.D. Cal. 2024) 713 F.Supp.3d 650, 652-53 (denying dismissal of complaint where representative plaintiffs alleged the information disclosed through defendant's website with specificity, including the redacted names of their treating physicians, and the nature of their communications with their health providers through defendant's website). The cases Plaintiff cites in support of their claims are highly distinguishable from the vague allegations Plaintiff Wright has asserted here, and do nothing to support her argument that her claims should survive dismissal.

In support of the same proposition, Plaintiff also cites *Cousin v. Sharp*, a 2023 Southern District of California opinion that was vacated before the case was

//

remanded to state court for lack of federal jurisdiction. *See* Plaintiff's Response at 5, 21, 22. *citing Cousin v. Sharp Healthcare* (S.D. Cal., Nov. 17, 2023, No. 22-cv-2040-MMA-DDL) 702 F.Supp.3d 967. In addition to the fact that this decision was vacated, it is highly distinguishable from the case at hand. In *Cousin*, the court denied dismissal because the two named plaintiffs, "set forth their particular medical conditions and allege that they searched Defendant's website for doctors who specialize in these conditions," and holding, a third named plaintiff's claim, "narrowly survives dismissal," as she alleged the nature of her searches on defendant's website as searches for a "primary care physician … filtered … by … specialty." *Id.* at 973. In contrast, Plaintiff Wright's Complaint sets forth no such details and is even more conclusory that the facts asserted by each of the named Plaintiffs in *Cousin*.

Finally, Plaintiff acknowledges, but asks this Court to disregard, the most recent District Court opinions on this issue – *Harrill* and *Beltran*. *See Mem. in Opp'n,* p. 8 [ECF No. 29] (citing *Harrill v. Emanuel Med. Ctr.* (E.D. Cal. June 9, 2025, No. 2:23-CV-01672-DC-CKD) 2025 U.S. Dist. LEXIS 109125, at *10 n.3; *Beltran v. Drs. Med. Ctr. of Modesto*, No. 2:23-CV- 01670-DC-CKD, 2025 U.S. Dist. LEXIS 109145, at *16 n.3 (E.D. Cal. June 9, 2025)). In both cases, the Eastern District of California dismissed claims based on specious allegations similar to those asserted by Plaintiff Wright in the FAC, regarding the alleged information being tracked through a defendant's website. *See Harrill v. Emanuel Med. Ctr.* 2025 U.S. Dist. LEXIS 109125, at *10 n.3 (finding, plaintiff's allegations that she used defendant's website, "to search for information related to symptoms or conditions she was experiencing and to schedule treatment," were "deficient. Plaintiff does not identify with specificity what information she provided to Defendants via her browsing activity on the Website and thus what information was subsequently transmitted to Meta."); *Beltran v. Drs. Med. Ctr.*

//

*of Modesto*, No. 2:23-CV- 01670-DC-CKD, 2025 U.S. Dist. LEXIS 109145, at *16 n.3 (E.D. Cal. June 9, 2025) (same). These allegations are strikingly similar to Plaintiff Wright's assertion that she used Defendant's website, "to search for information about personal health conditions." FAC at ¶ 48. Her claims should, therefore, be dismissed on the same grounds.

Despite acknowledging *Harrill* and *Beltran* – the only two decisions issued on the matter this year, and which support the dismissal of Plaintiff's claims – Plaintiff contends these opinions reflect a "flawed reading" of the Ninth Circuit's guidance, simply because providing sufficient allegations regarding the alleged medical information she shared with Defendant's website may require her to submit a filing under seal. However, the mere inconvenience of filing a document under seal is not a sufficient basis to excuse Plaintiff from the applicable pleading standard, nor is it a basis to disregard the clear existing case law on the matter. *See Raiser v. San Diego Cty.* (S.D. Cal., Apr. 8, 2021, No. 19cv751-GPC(KSC)) 2021 U.S. Dist. LEXIS 68597, at *3 ("Having to file a motion to seal … may be an inconvenience to plaintiff, but it does not prejudice him or prevent him from using this information to support his claims.").[2] Indeed, the court in both *Harrill* and *Beltran* contemplated this concern before granting dismissal of the plaintiffs' claims. *See Harrill, supra,* 2025 U.S. Dist. LEXIS 109125, at *19 n.4 (granting dismissal with leave to amend and stating, "[t]o the extent Plaintiff's disclosure of her activity on the Website could reveal sensitive or private information related to her health conditions, symptoms, and doctors, Plaintiff may file a request to redact/seal such details, as appropriate.").

//

//

[2] Indeed, the opinion in *Raiser* arose from a motion for protective order. However, the Court's rejection of the nonmovant's argument that the court's decision should be influenced by the potential inconvenience to the nonmoving party is instructive.

Finally, Plaintiff points to her allegation that an unidentified, hypothetical class member may have shared "health-related details such as appointments, medical conditions, diagnoses, patient history, and medical records." This allegation does nothing to save her claims, as it is well-settled that a motion to dismiss purported class claims prior to class certification is assessed based on the allegations of the representative plaintiff. *Speyer v. Avis Rent a Car System, Inc.,* 415 F. Supp. 2d at page 1094 ("[C]ourts generally consider only claims of named plaintiffs in ruling on [a] motion to dismiss ... prior to class certification.")]). Moreover, "[p]laintiffs cannot use class actions to escape pleading requirements." *In re Sony Grand WEGA KDF-E A10/A20 Series Rear Projection HDTV TV Litig.*, (S.D. Cal. 2010) 758 F. Supp. 2d 1077, 1096. Plaintiff Wright has not alleged her medical conditions, diagnoses, or medical records were disclosed. Therefore, her claims should be dismissed.

**2. Plaintiff's CIPA claim is time-barred, and she has failed to allege facts establishing that the statute of limitations was tolled pursuant to the discovery rule.**

As acknowledged in Plaintiff's Response, her CIPA claim is subject to a one-year statute of limitations. *See Mem. in Opp'n,* p. 8. Plaintiff's complaint reflects, her most recent activity on Defendant's website was on January 9, 2024 – over one year prior to the filing on the instant action. Accordingly, Plaintiff's claim is time-barred. Plaintiff attempts to assert the delayed discovery rule in arguing, the limitations period began to accrue when she downloaded her off-Facebook activity on December 6, 2024. However, Plaintiff alleges no facts accounting for her failure to download the information prior to December 6, 2024. Instead, she argues she is not required to do so. By this logic, Plaintiff could have tolled the statute of limitations indefinitely by electing not to download her browser history until she was ready to file suit. This is a

//

misapplication of the discovery rule, which California courts have held, requires a plaintiff to affirmatively plead that they were ***unable*** to discover the alleged harm during the tolled period, despite reasonable efforts to do so. "To invoke the delayed discovery doctrine, a plaintiff must [affirmatively] plead facts to show … the ***inability*** to have made earlier discovery despite reasonable diligence." *Javier v. Assurance IQ LLC* (N.D. Cal. 2023) 649 F.Supp.3d 891, 901(emphasis added).

Accordingly, Plaintiff's failure to affirmatively plead facts suggesting she could not have downloaded her off-Facebook activity prior to December 6, 2024, precludes her argument that the applicable limitations period was tolled pursuant to the delayed discovery doctrine. As such, her CIPA claim is time-barred.

Plaintiff, in her Response, cites *Doe v. Tenet Healthcare Corp.,* an Eastern District of California opinion discussing the applicability of the delayed discovery doctrine to claims stemming from the defendant's alleged use of tracking technology. *Doe v. Tenet Healthcare Corp.* (E.D. Cal., June 9, 2025, No. 1:23-cv-01106-DC-CKD) 2025 U.S. Dist. LEXIS 109134. However, unlike the facts at issue here, the plaintiffs in *Doe v. Tenet Healthcare* alleged they visited Tenet's website within the applicable statute of limitations period. *Ibid.* at *78 ("Plaintiffs allege that they last visited the Defendants' Web Properties after October 10, 2022, within the applicable statute of limitations period for all claims."). Nonetheless, the court held, the delayed discovery doctrine applied to the claims, and tolled the limitations period until June 16, 2022, when Plaintiffs discovered the alleged CIPA violations while reading an investigative article about hospitals' use of tracking software. *Ibid.* Here, Plaintiff Wright identifies no event which would have put her on delayed notice of Defendant's use of tracking software. Instead, she alleges she downloaded her off-Facebook activity over a year after her last visit to Defendant's website, unprompted. Unlike the

//

plaintiff in *Doe v. Tenet Healthcare*, Plaintiff Wright offers no explanation as to what event led her to make a delayed inquiry, nor has she offered any explanation as to why she was unable to discover this information within the limitations period set forth in the statute.

Plaintiff also relies on *Doe v. Fullstory, Inc.* and *Gabrielli v. Haleon U.S., Inc.*– two Northern District of California opinions issued by the same judge, which applied the discovery doctrine to claims asserted by plaintiffs who, "despite [their] due diligence" could not have discovered the alleged disclosures until shortly prior to the complaints being filed. *Doe v. Fullstory, Inc.* (N.D. Cal. 2024) 712 F.Supp.3d 1244, at *1256; *Gabrielli v. Haleon US Inc.* (N.D. Cal., Aug. 29, 2025, No. 25-cv-02555-WHO) 2025 U.S. Dist. LEXIS 169503, at *7. Importantly, in both cases, the plaintiffs' claims involved defendants who failed to honor website visitors' express requests to disable cookies. *See Id.* The plaintiffs in those cases alleged, the defendants misrepresented that the cookies were disabled, and the plaintiffs' discovery of these misrepresentations required highly "technical knowledge" which the plaintiffs did not have. *Id.* Thus, plaintiffs' lack of the requisite technical knowledge prevented them from discovering the violations in a timely manner. Further, the plaintiff in *Gabrielli* pled specific facts about the time and manner of his discovery of the violation, as he "learned of Defendant's privacy violations from counsel in February 2024," which was within the applicable limitations period. *Gabrielli v. Haleon US Inc.* 2025 U.S. Dist. LEXIS 169503, at *26.

In contrast, Plaintiff Wright has alleged no facts suggesting she could not, through the exercise of reasonable diligence, have discovered the alleged violations prior to the expiration of the limitations period. Unlike the plaintiffs in *Gabrielli* and *Haleon*, Plaintiff Wright has identified a straightforward method of discovering the relevant information, which requires no advanced technical skills

//

– namely, by downloading her off-Facebook activity. Plaintiff alleges she downloaded this information herself, and provides a screenshot which reveals, the information was produced by Facebook in plain text – as opposed to code or another format not readily understood by someone lacking the requisite technical knowledge. Accordingly, absent facts suggesting Plaintiff Wright could not have exercised reasonable diligence by downloading this information within the prescribed limitations period, her CIPA claims are time-barred.

**3. Plaintiff has not alleged Defendant engaged in highly offensive conduct sufficient to support her Invasion of Privacy claim.**

As outlined in Defendant's Memorandum, to establish an Invasion of Privacy claim, Plaintiff must allege, *inter alia*, an intrusion that is, "highly offensive to a reasonable person." *In re Google, Inc. Privacy Policy Litig.* (N.D. Cal. 2014) 58 F. Supp. 3d 968, 988. In the context of a lawsuit stemming from the use of tracking software, this determination is largely based on, "the offensiveness of the disclosed data." *In re Accellion, Inc. Data Breach Litig.*, No. 5:21-cv-01155-EJD, 2025 LX 458512, at *38 (N.D. Cal. Sep. 30, 2025). As the Ninth Circuit has recently held, where a plaintiff "identifies no embarrassing, invasive, or otherwise private information collected by," the defendant, the offensiveness standard has not been met. *Popa v. Microsoft Corp.*, (9th Cir. Aug. 26, 2025) No. 24-14, 2025 LX 369063, at *16.[3]

Here, Plaintiff Wright's allegations reflect the disclosure of benign details regarding the categories of interactions she had with Defendant's website, i.e., when she viewed an unidentified page, and when she made an unspecified search on the website. However, the information allegedly disclosed is completely

//

[3]The Ninth Circuit's inquiry in *Popa* focuses on the issue of Article III standing. However, the Court's analysis includes an instructive discussion of whether the plaintiff's allegations established an invasion of privacy, which would constitute a 'concrete injury' sufficient to confer standing.

sanitized of any details regarding the contents of those interactions, such that the alleged disclosure does not rise to the level of a "highly offensive" intrusion.

## III. CONCLUSION

WHEREFORE, based on the arguments raised in Defendant's Memorandum in Support of its Motion to Dismiss and the arguments set forth in this Reply in Support of Defendant's Motion to Dismiss, Defendant Truecare Property Holdings, LLC, respectfully requests that this Honorable Court enter an Order dismissing Plaintiffs' First Amended Class Action Complaint, without leave to amend, striking Plaintiff's CMIA class allegations, and for any further relief deemed justified pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f).

Dated: October 17, 2025

Respectfully submitted:

*/s/ James W. Davidson*

James W. Davidson, IL ARDC No. 6281542
O'HAGAN MEYER LLC
One East Wacker Drive, Suite 3400
Chicago, IL 60601
Telephone: (312) 422-6100
Facsimile: (312) 422-6110
jdavidson@ohaganmeyer.com
One of the Attorneys for Defendant

Clint D. Robison (SBN 158834)
O'HAGAN MEYER
21650 Oxnard Street, Suite 530
Woodland Hills, CA, 91367
Telephone: (213) 306-1610
Facsimile: (213) 306-1615
crobison@ohaganmeyer.com
One of the Attorneys for Defendant